**SO ORDERED.**

**SIGNED this 24 day of March, 2011.**

*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-04515-8-SWH |
| STEPHEN THORNE and | CHAPTER 13 |
| ELEANOR THORNE, | |
| DEBTORS | |

### ORDER REGARDING OBJECTION TO CLAIM

The matter before the court is the debtors' objection to the amended claim filed by the Internal Revenue Service (the "IRS"). A hearing was held on January 26, 2011, in Raleigh, North Carolina. At the conclusion of the hearing, the court took the matter under advisement and allowed both parties to submit post-hearing memoranda.

### BACKGROUND

The debtors filed a joint chapter 13 petition on June 1, 2009. Debtors each held a 50% ownership interest in National Mortgage Access, Inc. ("National Mortgage"). National Mortgage was a mortgage banking corporation that employed approximately 100 people. It is no longer an operating entity, but while still active, it underpaid its employment taxes due for the fourth quarter of 2006 (the "4th Quarter").

The IRS requires employers to file a Form 941 to report quarterly employment taxes. National Mortgage's Form 941 for the 4th Quarter was not filed until July of 2009, more than two years after any taxes were due.[1] Debtors' employment taxes consist of wages withheld from employees for the purpose of paying employees' federal income tax, Social Security, and Medicare taxes, in addition to Social Security and Medicare taxes owed by the employer. The filed Form 941 for the 4th Quarter reports total employment taxes in the amount of $124,139.95. Of the $124,139.95 in debtors' employment taxes, $92,122.97 is the amount withheld from employee wages and classified as trust fund tax liability.[2]

During October and November of 2006, National Mortgage made tax payments totaling $71,046.40 to the IRS. The IRS has stipulated that these are voluntary tax payments. National Mortgage did not make payments in December 2006 or at any time thereafter. The IRS required that all employment tax deposits be made by the debtors through an electronic payment system. Debtors used this method to make the October and November 2006 payments. In connection with debtors' $71,046.40 payment, the IRS credited National Mortgage with $32,016.99 on its non-trust fund taxes and the remaining $39,029.41 on its trust fund taxes. This credit method satisfied National

---

[1] Although National Mortgage's Form 941 was filed late, the partial payments for the 4th Quarter were made on time.

[2] The term "trust fund tax liability" refers to the amount of wages withheld by employers from employee wages and held in trust for the IRS. In contrast, non-trust fund tax liability refers to the amount of taxes an employer owes directly to the IRS. Trust fund tax liability is calculated by totaling line 3 (total income tax withheld from employees) of Form 941 with one-half of line 5d (total Social Security and Medicare taxes withheld). In this case, National Mortgage's 941 listed line 3 as $60,105.99 and line 5d as $64,033.96. Adding $60,105.99 and one-half of $64,033.96 equals $92,122.97.

Mortgage's non-trust fund balance, but left a deficiency in trust fund obligations in the amount of $53,093.55.

On December 31, 2006, the IRS made a responsible party determination under 26 U.S.C. § 6672(a), which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672 (2006). After the IRS determined that the debtors were responsible parties, a trust fund recovery penalty was assessed, resulting in the debtors being held personally liable for the outstanding trust fund deficiency of $53,093.55.

On July 10, 2009, the IRS filed their original proof of claim, Claim No. 10-1, in the amount of $144,655.60. That claim has since been amended eight times to reflect both adjustments based on time, as well as additional tax information filed by the debtors. The amendments do not affect the underlying basis for the debtors' objection. On January 21, 2011, the IRS filed their latest amended claim, Claim No. 10-9 (the "Claim"), in the amount of $57,229.95, of which $53,093.55 is the trust fund tax at issue assessed by the IRS from the alleged violation of 26 U.S.C. § 6672.

The debtors objected to the Claim on July 5, 2010, asserting that they were not responsible parties pursuant to 26 U.S.C. § 6672(a) and that the amount of the claim was overstated. At the hearing on the objection, debtors stipulated that they were parties "required to collect, truthfully account for and pay over any tax" owed, but argued that their failure to pay all taxes due did not meet the "willfulness" requirement of 26 U.S.C. § 6672(a). Debtors contend that they properly, and in accordance with the guidance of an attorney who was also a certified accountant, closed their

business in 2006. Based on this advice, debtors remitted payments that they reasonably believed would satisfy their outstanding trust fund liability. Additionally, debtors contend that they had no reasonable means of designating how their payments for the 4th Quarter were to be applied when they made payments electronically, and thus were not afforded an opportunity to designate their voluntary payments to the trust fund portion of the claim. As a result, they contend, the amount of the claim against them, individually, is overstated.

Debtors argue that they should have no personal liability to the IRS because they did not willfully fail to pay the corporation's employment taxes. Furthermore, if the responsible person designation is found to be appropriate, they argue that because of their inability to designate, the court should allow the Claim as if all of their 4th Quarter payments were applied to their trust fund liability. If so applied, debtors contend, the allowed claim would be in an amount no more than $21,076.57.

In support of its claim, the IRS asserts that the debtors acted willfully when they knew that their 4th Quarter payments were insufficient to cover all of their employment taxes, but paid other creditors notwithstanding that knowledge. Additionally, the IRS contends that the debtors made no attempt to direct the IRS to apply their voluntary payments to the trust fund portion of the tax obligations. The IRS maintains that it was the published policy of the IRS in 2006 to apply non-designated payments first to non-trust fund taxes and then to trust fund liability.

**DISCUSSION**

A. **Burden of Proof**

Although the burden of proof falls on the claimant in most cases where the debtor has properly objected to a proof of claim, 11 U.S.C. § 502; Bankruptcy Rule 3001, in a tax claim matter, the taxpayer has the "burden of proving the government's assessment wrong by a preponderance of the evidence." This burden extends to both liability and amount. United States v. Pomponio, 635 F.2d 293 (4th Cir. 1980). The burden of proof in cases arising under 26 U.S.C. § 6672 is not altered by the fact that the taxpayer is in bankruptcy. Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 120 S. Ct. 1951 (2000) (holding that burden of proof, with respect to corporate officer's liability for "responsible person" penalty when corporation failed to pay use tax to state, was not altered from what it would have been outside bankruptcy simply because officer had filed for bankruptcy relief); In re Barnett, 387 B.R. 698 (Bankr. W.D. Va. 2008) (quoting United States v. Pomponio, 635 F.2d 293 (4th Cir. 1980) (incorporating the burden shifting scheme from 26 U.S.C. § 6672 cases to the bankruptcy context); In re Frank, 322 B.R. 745, 754 (Bankr. M.D.N.C. 2005) aff'd sub nom, United States v. Frank, 1-05CV535, 2006 WL 1596677 (M.D.N.C. Apr. 4, 2006). In determining the debtors' trust fund assessment liability in this bankruptcy case, the debtors have the burden to disprove liability by a preponderance of the evidence.

B. **Responsible Party Liability**

Debtors seek denial of the IRS claim in full on the basis that the willfulness requirement for personal liability under 26 U.S.C. § 6672(a) has not been met. They contend that since they properly closed their business in accordance with the advice of their attorney, they did not willfully fail to pay the corporate taxes in question. The willfulness requirement of 26 U.S.C. § 6672(a) only

penalizes a person who "willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof . . . ." 26 U.S.C. § 6672(a).

The Fourth Circuit has held that although 26 U.S.C. § 6672 does "not impose liability without personal fault,'" "knowledge of nonpayment or reckless disregard of whether the payments were being made" is sufficient to satisfy the willful requirement. Turpin v. United States, 970 F.2d 1344, 1347 (4th Cir. 1992). Reckless disregard has been found when the taxpayer "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and if (3) he was in a position to find out for certain very easily ." United States v. Carrigan, 31 F.3d 130, 134 (3d Cir. 1994) (quoting Wright v. United States, 809 F.2d 425, 427 (7th Cir. 1987); See also O'Connor v. United States, 956 F.2d 48, 52 (4th Cir. 1992). An affirmative decision not to pay taxes owed coupled with the payment of other creditors is a basis for the establishment of the willfulness component. Howard v. United States, 711 F.2d 729, 736 (5th Cir. 1983). See also, In re Frank, 322 B.R. 745, 758-759 (Bankr. M.D.N.C. 2005), aff'd sub nom, United States v. Frank, 1-05CV535, 2006 WL 1596677 (M.D.N.C. Apr. 4, 2006).

In this case, the male debtor testified that he and his wife had an inkling that their payments were insufficient to cover all of their employment tax liability for the 4th Quarter, and that, upon advice of counsel, they paid other creditors as part of their winding down of the business. As previously noted, although the debtors made partial payments on behalf of National Mortgage as they came due, National Mortgage did not file its Form 941 for the 4th Quarter until July 2009. If the debtors, as officers of National Mortgage, had filed the Form 941 in 2006 to correspond with their payments, the debtors could have confirmed that the payments were insufficient to cover the trust

fund liability. Failing to do so, when the debtors had some idea that the payments was insufficient to meet all of the tax liability, meets the reckless disregard test under Wright, and as adopted in O'Connor. Debtors' failure to file their Form 941 to confirm the amount due, combined with their subsequent direction of payments to other creditors of National Mortgage, must result in a finding of willfulness. The court therefore will uphold the IRS' designation of the debtors as responsible parties under 26 U.S.C. § 6672(a).

**C.      Electronic Designation**

Liability has been established, but an issue remains regarding the amount of the claim. If the IRS properly applied the debtors' payments to the non-trust fund portion of taxes owing, its claim should be allowed as filed. Debtors contend that such application was improper in light of their inability to designate payments. The IRS has a long standing policy, referring back to the common law practice that a debtor can designate how his payments are applied, which allows voluntary payments to be designated. In re Frank, 322. B.R. 745, 760  (citing United States v. Energy Resources Co., Inc., 495 U.S. 545, 110 S. Ct. 2139 (1990)). As previously noted, the IRS stipulated that debtors' payments for the 4th Quarter are all voluntary payments.

The testimony shows that the IRS required that National Mortgage make all quarterly payments by the electronic payment method. The IRS has argued that in order for it to be required to apply the voluntary payments of the debtors to the trust fund tax liability portion of the taxes owed, the debtors had to so designate their electronic payments, but offered no testimony as to how that designation could have been accomplished. In fact, the IRS testimony indicated that there was no reasonable method by which the debtors could designate their electronic payments. At the hearing, Rhonda Moon, an IRS Bankruptcy Specialist, testified at length to the limitations imposed

by the electronic filing method. Specifically, Ms. Moon testified that the only way to designate payments was with a contemporaneous designation and that there was no way to contemporaneously designate an electronic payment. When asked if there was any other way that the debtors could have designated their payments, Ms. Moon testified that the debtors would have had to walk a check in to an IRS office and basically orally request the designation. But, Ms. Moon stated that "walking a payment in" would also subject the debtors to a failure to deposit penalty. The IRS cannot reasonably take the position that the debtors must subject themselves to a penalty in order to designate their tax payments.

Based on this testimony, the court concludes that debtors had no reasonable method to ensure that their payments were to be applied to their trust fund liability short of tendering monies in full payment of their employment tax liability. Because the debtors had no means of making a designation as to how their payment of $71,046.40 would be applied, as they have a right to do, it would be inequitable to allow the IRS to make that decision for the debtors. As such, debtors' objection in this regard is sustained, and the portion of the Claim resulting from the trust fund assessment penalty is amended to $21,076.57 to reflect the deficiency of trust fund liability that would be owed had debtors entire 4th Quarter payment been applied to their trust fund liability before satisfying their other tax obligations. This result reduces the Claim from $57,229.95 to $25,212.97.

## CONCLUSION

Based on the foregoing, debtors' objection to the Claim is **SUSTAINED IN PART AND DENIED IN PART**. The Claim will be allowed in the amount of $25,212.97, plus appropriate pre-petition interest on the reduced amount of the claim.[3]

**SO ORDERED**

### END OF DOCUMENT

---

[3] As discussed, the court amended the trust fund assessment penalty to $21,076.57. The total allowed Claim amount includes that sum, as well as additional $4,136.40 of unrelated civil penalties that were not at issue.